# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DANILO LOPES, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 11-12063-DJC |
| JOHN BELAND et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                                   December 2, 2011

For the reasons stated below, the Court (1) grants plaintiff's motion (Docket No. 2) and application (Docket No. 3) for leave to proceed *in forma pauperis*; (2) directs the clerk to enter the plaintiff's motion for appointment of counsel and motion for a temporary restraining order and a preliminary injunction on the docket; (3) directs the clerk to issue summons for service of the named defendants by the U.S. Marshals Service; (4) requires the defendants to respond to the complaint and motion for temporary restraining order and a preliminary injunction; (5) denies the motion for appointment of counsel without prejudice; and (6) orders that counsel for the Massachusetts Department of Correction file a Status Report with the Court.

## BACKGROUND

Plaintiff Danilo Lopes ("Lopes"), a prisoner now confined to the Souza Baranowski Correctional Center, has filed a civil rights complaint alleging, among other things, that defendants have violated his due process rights and have been deliberately indifferent to his serious medical need. Lopes alleges that he suffers from bipolar disorder, has attempted suicide in the past and that if he is subjected to double-bunking against the instructions of his mental health providers, he may

again attempt suicide. He complains variously that defendants' actions are violating his rights under the Constitution and federal statutes including the Americans with Disabilities Act, 42 U.S.C. § 12101; the Restatement of Bill of Rights for Mental Health Patients, 42 U.S.C. § 10841; and the Civil Rights Act, 42 U.S.C. § 1983.

With his complaint, Lopes filed a motion to proceed *in forma pauperis*, an application to proceed without prepayment of fees accompanied by his prison account statement, a motion for appointment of counsel and a motion for a temporary restraining order and a preliminary injunction.

## DISCUSSION

### A. The Motions for Leave to Proceed *In Forma Pauperis*

After review of Lopes' financial disclosures in his motion to proceed *in forma pauperis* (Docket No. 2) and his application to proceed without prepayment of fees (Docket No. 3), the Court will allow these motions. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $15.14. The remainder of the fee, $334.86, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

### B. The Motion for Injunctive Relief

Lopes complains that he has been housed in the "punishment unit" (L-2) since September 29, 2011, for refusing to enter a double bunk cell. Lopes seeks an order to compel the defendants to, among other things, place him in single cell housing. Lopes complains that prison policy makes it inappropriate to utilize mental health crisis intervention services to effect a housing change (including a single cell request).

As an initial matter, preliminary injunctions may not be issued without notice to the adverse party and Lopes' pleadings have not been served on defendants. See Fed. R. Civ. P. 65(a)(1). A

plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor and that an injunction is in the public interest. <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7 (2008). A party seeking an *ex parte* temporary restraining order must allege that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Even where a plaintiff makes a showing of "immediate and irreparable" injury, the court cannot issue a temporary restraining order without notice to the adverse parties unless the plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). The Court declines to grant *ex parte* relief, but will permit all claims to go forward and the Court will direct the issuance of summonses and for service of the motion and the complaint on the named defendants.

The Court advises Lopes that, to pursue his claims against the "Moe" and five "Doe" defendants, he will need to discover the names of these defendants. At this time, summonses will not issue as to these unnamed defendants. Lopes may seek the identify of these defendants through discovery from the named defendants. When he obtains this information, he should file an amended complaint pursuant to Fed. R. Civ. P. 15 which includes the names of the now-unidentified defendants and a motion for issuance of summonses as to those defendants.

Notwithstanding the fact that the named defendants have not yet been served, given the serious nature of Lopes' allegations in the complaint and motion, this Court orders the Massachusetts Department of Correction to provide a Status Report to this Court <u>within ten days of the entry of this Memorandum and Order</u> addressing generally the allegations and averments of the

3

plaintiff and specifically addressing the claim that he is being denied mental health treatment and is in danger of harming himself.

### C. Motion for Appointment of Counsel

Pursuant to 28 U.S.C. S 1915(e)(1) this Court may, in its discretion, appoint counsel in a civil action. Such appointment, however, is not a right. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) ("there is no absolute constitutional right to a free lawyer in a civil case"). At this juncture, the court credits that Lopes is indigent for purposes of appointment of counsel; however, absent a response from the defendants, this court cannot find that exceptional circumstances exist warranting the expenditure of scarce *pro bono* resources. Accordingly, Lopes' motion for the appointment of counsel is denied without prejudice.

The Court notes that the second page of the complaint states that Lopes received assistance from inmate Rashad Rasheed, a self-styled "jailhouse lawyer." Here, Lopes signed the complaint and requested help from Mr. Rasheed. Parties to a federal lawsuit cannot be represented by anyone other than themselves or a member of the bar. See 28 U.S.C. § 1654; see also L.R. 83.5.3(c) ("A person who is not a member of the bar of this court . . . . will be allowed to appear and practice before the court only in his own behalf."). For that reason, the Court reminds Lopes that Rashad Rasheed cannot represent him in this action.

The denial of the motion for counsel is without prejudice to renewal by Lopes after the named defendants have been served with the summons and responded to the complaint and motion for injunctive relief.

Accordingly, it is hereby **ORDERED** that:

1) the Clerk shall enter on the docket the motion for appointment of counsel and the

4

motion for a temporary restraining order and a preliminary injunction;

2) the motion to proceed *in forma pauperis* (Docket No. 2) and the application to proceed without prepayment of fees (Docket No. 3) are granted. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $15.144. The remainder of the fee, $334.86, shall be collected in accordance with 28 U.S.C. § 1915(b)(2);

3) the Clerk shall issue summonses and the United States Marshals Service shall serve a copy of the summonses, complaint, the motion for injunctive relief, and this order upon the named defendants as directed by plaintiff with all costs of service to be advanced by the United States;

4) the named defendants are required to respond to the complaint and motion for an injunction. See 42 U.S.C. § 1997e(g)(2);

5) Plaintiff's motion for appointment of counsel is denied without prejudice; and

6) the Court orders that counsel for the Massachusetts Department of Correction provide, <u>within 10 days of the date of this Memorandum and Order</u>, a Status Report addressing the topics described above. The clerk shall send a copy of this Memorandum and Order to legal counsel at the Massachusetts Department of Correction, 70 Franklin Street, Suite 600, Boston, MA 02110, and shall attempt to telephonically and/or by e-mail, apprise the Legal Department of this Memorandum.

**SO ORDERED.**

                                            /s/ Denise J. Casper
                                            DENISE J. CASPER
                                            UNITED STATES DISTRICT JUDGE